UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES JOVAN HARRIS,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>WASHOE COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:24-cv-00541-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff James Jovan Harris, a former inmate at the Washoe County Detention Center, filed this civil rights action under 42 U.S.C. § 1983. On October 2, 2025, the Court screened Harris's Complaint, granted his application to proceed *in forma pauperis*, and found that he stated a colorable claim for denial of access to the courts against Defendant Northern Nevada Legal Aid ("NNLA"). (ECF No. 9.) However, the Court did not direct the Complaint to be filed. (*See id.*) The Court now kindly directs the Clerk of Court to file the Complaint, and, because the Complaint was not filed as part of the screening order, the Court advises Harris that service must be perfected within ninety days from the date of this order—not the October 2, 2025 screening order. *See* Fed. R. Civ. P. 4(m).

It is therefore ordered that, under the Court's screening order (ECF No. 9), this action will proceed on the normal litigation track against Defendant NNLA.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1) and send Harris a courtesy copy.

The Clerk of Court is further directed to (1) issue summons for Defendant NNLA, (2) deliver that summons to the U.S. Marshal for service, and (3) send sufficient copies

of the Complaint (ECF No. 1-1) and this order to the U.S. Marshal for service on Defendants.

The Clerk of Court is further directed to send Harris one USM-285 form. Harris will have 30 days to furnish to the U.S. Marshal the required USM-285 form with relevant information as to Defendants.

It is further ordered that within 20 days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Harris must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Harris wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

It is further ordered that Harris will serve upon Defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. If Harris electronically files a document with the Court's electronic filing system, no certificate of service is required. *See* Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. However, if Harris mails the document to the Court, he must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant(s) or counsel for Defendant(s). If counsel has entered a notice of appearance, Harris must direct service to the individual attorney named in the notice of appearance at the physical or electronic address stated therein. The Court may disregard any document received by a district or magistrate judge which has not been filed with the Clerk and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

DATED THIS 14th Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE